[File No. 7093]

JOSEPH SCORE, Appellant, v. OLGA SCORE, Respondent.

(33 NW2d 434)

Opinion filed July 29, 1948

*C. A. Waldron,* for appellant.

*Robert W. Palda,* for respondent.

THOM, District Judge.   A decree of divorce was entered in behalf of plaintiff in district court in Ward County, North Dakota, on September 25, 1946, on the grounds of extreme cruelty.   The court made division of the property of the parties as is more particularly hereinafter set forth, and provided that plaintiff make monthly payments of Fifty Dollars for defendant's sup-

port. Plaintiff had already paid $250.00 attorney's fees and suit money. The plaintiff appeals.

The plaintiff appeals from the entire judgment and asks a trial de novo. Neither party complains of the granting of a divorce. However, the plaintiff's complaint is against that portion of the decree relating to the division of the property of the parties.

After the appeal was perfected, the trial court made a further order providing that pending this appeal the plaintiff pay to defendant for attorney's fees and expenses on appeal, the further sum of $300.00 and $50.00 per month for support money pending appeal. The $300.00 ordered paid was in addition to $250.00 already paid by plaintiff. The plaintiff also appealed from such order.

On the appeal from the order it is urged that inasmuch as an appeal from the judgment had been taken and perfected, the application for temporary alimony and suit money pending the appeal should have been made in the Supreme Court and that it was improper for the district court to make such order. In view of the fact that an appeal has been taken from the judgment with a demand for a trial anew in this court and an appeal has also been taken from the order made after judgment granting temporary alimony and suit moneys pending the appeal, we find it unnecessary to consider the procedural questions raised with respect to the order for temporary alimony, for this court has undoubted power to hear an application and make an allowance for temporary alimony and suit moneys pending appeal. Mosher v. Mosher, 16 ND 269, 113 NW 99, 12 LRA NS 820, 125 Am St Rep 654. Hence, all questions as to the merits of the action and the allowance of suit money and temporary alimony pending the appeal may properly be considered and will be considered on the appeal from the judgment. Mosher v. Mosher, supra.

The parties married October 8, 1942. Plaintiff was thirty-six years old and was never married before. Defendant was thirty-six years old and had been previously married and divorced, and had two sons thirteen and fourteen years of age. At the time of the marriage defendant owned some household furniture. Plain-

tiff was in the army at the time of the marriage and was stationed in various places in this country, and defendant and her two sons lived with him at these places. Plaintiff did work as a barber in addition to his military duties. Defendant also worked at office work. They drew dependency benefits and put all their earnings into a common fund. Plaintiff was discharged from the army in the fall of 1945. The parties separated near the end of their fourth year of marriage. No children were born to the marriage and both parties are able-bodied.

The property of the parties consists of the following: A house located on Lot 95 of Belmont's addition to the City of Minot, North Dakota, which plaintiff built after returning from the army, worth about $2,000.00; government bonds of the maturity value of $350.00; three lots described as Lot 8 of Roaches Second and Third Addition to the City of Minot, North Dakota; worth about $1,000.00; a Chevrolet automobile worth $653.00; a truck worth $150.00; a cement mixer worth $40.00; a trailer worth $15.00; cash in the sum of $1800.00; one bed, two mattresses, washstand, two chests of drawers, gas stove, four kitchen chairs, four end tables, two lamps, living room table, floor lamp, magazine radio table, curtains, rugs, sewing machine, cooking utensils and dishes, davenport, two folding tables, washstand and personal effects of the parties. Plaintiff also has an insurance endowment policy, partially paid up.

The judgment gave to defendant the following property:

Government bonds of maturity value of $250.00; $775.00 in cash; one-half interest in the house and lot, with right to use and occupy the same; Lot 8 in Roaches Second and Third addition to Minot, North Dakota; the Chevrolet automobile; the surrender value of the insurance policy; the household goods with a few exceptions; $250.00 attorney's fees and expenses on trial; and monthly payments of $50.00 until the further order of the Court.

The judgment left the rest of the property to plaintiff. We have carefully considered the testimony and it appearing that the parties have lived together less than four years and that during such time defendant and her two sons were supported and that the two sons are now self-supporting, we believe the property

should be divided between the parties in the following proportions:

To defendant, the Chevrolet automobile; the three lots described as Lot 8 of Roaches Second and Third addition to the City of Minot, North Dakota; the sum of $775.00 from the cash in plaintiff's possession; government bonds of maturity value of $250.00; household goods, described as one bed, two mattresses, one stand, two chests of drawers, gas stove, four kitchen chairs, two end tables, two lamps, living room table, floor lamp, magazine-radio table, curtains in the house, rugs in the house, sewing machine, cooking utensils and dishes and personal effects of defendant.

To the plaintiff, the following property, viz.: The house and any interest plaintiff may have in Lot 95 of Belmont's addition to the City of Minot, North Dakota; the government bond of maturity value of One Hundred Dollars which is payable to plaintiff and his father; the $1,000.00 insurance policy on which payments have been made; truck, cement mixer, trailer, davenport, two folding tables, washstand, two end tables and personal effects including two garrison caps, photographs and ration books and the balance of money left in possession of plaintiff after paying defendant the sum of $775.00 as hereinbefore provided.

It is our opinion that the allowance of alimony of $50.00 per month to the defendant is not warranted under the testimony which shows defendant to be a competent office worker and fully competent to support herself. We do not believe this brief excursion in matrimony on the part of plaintiff warrants imposing on him the burden of paying $50.00 per month when defendant is fully competent to support herself and has received a fair share of the family property.

As to the application for suit money and alimony pending appeal we are of the opinion that no valid reason exists for requiring plaintiff to pay any suit money, attorney's fees, or alimony. The defendant has ample means to provide for her support and to pay her own expenses and attorney's fees on this appeal. Hence, the application is denied.

That part of the judgment of the district court which grants plaintiff a divorce is affirmed and that part of the judgment making disposition of the property of the parties should be modified. The cause is remanded to the district court for disposition in accordance with this opinion.

CHRISTIANSON, Ch.J., BURKE and NUESSLE, JJ., and GRIMSON, District Judge, concur.

BURR and MORRIS, JJ., did not participate.